**UNITED STATES of America, Plaintiff-Appellant,**

v.

**Vincent PICONE and Anthony Simone, Defendants-Appellees.**

**No. 76–1027.**

United States Court of Appeals, Tenth Circuit.

Argued and Submitted Nov. 19, 1976.

Decided Aug. 15, 1977.

William A. Keefer, Sp. Atty., Dept. of Justice, Kansas City, Mo. (E. Edward Johnson, U. S. Atty., Topeka, Kan., on the brief), for plaintiff-appellant.

Anthony J. Romano, Kansas City, Mo. (James R. Wyrsch, Kansas City, Mo., on the brief), for defendants-appellees.

Before SETH and HOLLOWAY, Circuit Judges, and CHILSON,* District Judge.

HOLLOWAY, Circuit Judge.

This appeal by the Government pursuant to 18 U.S.C. § 3731 from a suppression order presents questions under Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. § 2510–2520. After a thorough evidentiary hearing the district court suppressed as to two parties, defendant appellants Picone and Simone, the contents of interceptions and evidence derived thereupon, *United States v. Picone*, 408 F.Supp. 255, following the reasoning of opinions of the Fourth and Sixth Circuits [1] which was later rejected by the Supreme Court. See *United States v. Donovan*, 429 U.S. 413, 97 S.Ct. 658, 50 L.Ed.2d 652 (1977); *United States v. Bernstein*, 429 U.S. ——, 97 S.Ct. 1167, 51 L.Ed.2d 578 (1977). Under the *Donovan* opinion, for which our disposition of this appeal was withheld,[2] we conclude we must reverse the suppression order and remand this cause for further proceedings.

The case involves an indictment for substantive violations of 18 U.S.C. § 1952, prohibiting interstate and foreign travel or

---

* Honorable Hatfield Chilson, Senior United States District Judge of the District of Colorado, sitting by designation.

1. See *United States v. Donovan*, 513 F.2d 337 (6th Cir.), reversed and remanded, 429 U.S. 413, 97 S.Ct. 658, 50 L.Ed.2d 652; *United States v. Bernstein*, 509 F.2d 996 (4th Cir.),

vacated and remanded, 430 U.S. 902, 97 S.Ct. 1167, 51 L.Ed.2d 578.

2. At argument we were advised of the pending *Donovan* and *Bernstein* cases. We withheld disposition of this case for those decisions and supplemental memoranda which have been filed on the effect of the *Donovan* opinion.

transportation in aid of racketeering enterprises. Following the indictment of defendants Picone and Simone, and a co-defendant Goodfellow, in connection with alleged illegal gambling activities, motions to suppress intercepted evidence were made by all these defendants. These were directed at evidence gathered pursuant to orders of Judge Collinson of the Western District of Missouri in October and November of 1973. Suppression was ordered as to all three defendants. The background of the orders is detailed in the district court's opinion, 408 F.Supp. 255, and in *United States v. Costanza*, 549 F.2d 1126 (8th Cir.), and will only be summarized here.

The October 5, 1973, intercept order was obtained by the Government on a detailed affidavit of F.B.I. Special Agent Schucker who supervised and personally participated in the investigation. It indicated that reliable informants had named certain persons as engaged in illegal gambling activities centering around the Kansas City, Missouri, office of Necco Tea and Coffee Company. The October order authorized the interception of oral communications at the front office area of Necco and interception of wire communications over two telephones in the front office of Necco and the residence telephones of Picone and Costanza. Picone, Costanza and three other persons were named in the application and order, but Simone and Goodfellow were not named. See *Costanza, supra,* 549 F.2d at 1129.

In November, 1973, the second intercept order was issued authorizing reinstitution of the interception of oral communications in the front office area of Necco and of wire communications over the residence phones of Picone and Costanza. The order dropped authorization to intercept wire communications over the Necco phones and added a third residential phone. Simone and Picone were among the persons named in the November application and order, but again Goodfellow was not named. See *Costanza, supra,* 549 F.2d at 1130.

In January, 1975, Picone, Simone and Goodfellow were indicted for violations of 18 U.S.C. § 1952. All three defendants plead not guilty and later made their motions to suppress the contents of the October and November interceptions and evidence derived therefrom. After the Government admitted it had had probable cause to name Goodfellow in its October application, the district court sustained his motion to suppress for failure to name him. That ruling was not appealed.

After an evidentiary hearing the district court entered the suppression order in favor of Simone and Picone which is before us. The court found that there was probable cause to believe that Simone would be using the Necco telephones to commit gambling offenses and that his communications would be intercepted. The order granted Simone's motion to suppress for failure to name him in the October, 1973, application. The court also ruled that no evidence derived under the November order could be introduced against Simone, although he was named in that order, since the order was obtained as a result of information gained under the October order.

Further, the court held that the illegality in the interception of the Goodfellow conversations tainted as well Picone's conversations with Goodfellow, although Picone was named in the October and November applications and orders. It ruled that because of violation of the statutory requirement on naming Goodfellow, the communications between Goodfellow and Picone must also be suppressed on Picone's motion.

The Government argues that the suppression order cannot stand in light of the Supreme Court's opinion in *United States v. Donovan,* 429 U.S. 413, 97 S.Ct. 658, 50 L.Ed.2d 652. The defendants say that *Donovan* does not control the outcome for two reasons. First, they contend that the uncontroverted fact is that the Government agents knowingly failed to identify Goodfellow in the application for the intercept orders. And, second, they say the Supreme Court "did not consider the issue of whether a 'named' defendant has standing to challenge the evidentiary use of conversations intercepted between himself and an 'un-

named' co-defendant when the interceptions are illegal as to that co-defendant." Appellees' Memorandum of Law, 2–3.[3]

The argument of defendants essentially is that while they cannot positively say whether or not full information being furnished to the issuing Judge would have barred a judicial authorization for the interceptions, what is determinative is that the Government has admitted it had information concerning Goodfellow prior to the October, 1973, application which was not included in the supporting affidavit; that it is thus an "unassailable fact" that the Government intentionally failed to comply with the statute; that the illegality of the interception of the Goodfellow conversations is now res judicata; and that these circumstances "may well" present the "different case" noted in the *Donovan* opinion, citing note 23 of the majority opinion,[4] so that the suppression order should stand. Appellees' Memorandum of Law, 2–3.

We cannot agree. We feel that the defect in not naming Simone does not warrant suppression in his behalf, in light of the *Donovan* decision. In connection with the failure to name Goodfellow, we are likewise convinced that suppression is not justified on the theory of any intentional withholding of information. We turn first to the question concerning the failure to name Simone.

## I

The statutory factors premising an intercept order are whether there is probable cause to believe that (1) an individual is engaged in criminal activity; (2) particular communications concerning an offense will be obtained through interception; (3) normal investigative procedures have failed or appear unlikely to succeed or to be too dangerous; and (4) the target facilities are being used in connection with the specified criminal activity. 18 U.S.C. § 2518(3).

It is on these factors that *Donovan* focused. And it was concluded that suppression was not required due to the naming defect there because it did not undermine the lawfulness of the intercept order so as to satisfy the condition in 18 U.S.C. § 2518(10)(a)(i) for suppression if "the communication was unlawfully intercepted." The Court held that not every failure to meet statutory requirements calls for suppression, stating, 429 U.S. at 433, 97 S.Ct. at 671:

>  . . . To the contrary, suppression is required only for a 'failure to satisfy any of those statutory requirements that directly and substantially implement the congressional intention to limit the use of intercept procedures to those situations clearly calling for the employment of this extraordinary investigative device.' *United States v. Giordano*, 416 U.S., 505, at 527, 94 S.Ct. 1820, 40 L.Ed.2d 341.

From our examination of the record we are likewise satisfied that the naming defect as to Simone is not fatal. As in *Donovan*, "[i]n no meaningful sense can it be said that the presence of that information as to additional targets would have precluded judicial authorization of the intercept." *Donovan*, supra, 429 U.S. at 436, 97 S.Ct. at 672. The F.B.I. affidavit before Judge Collinson presented ample information relevant to making the statutory determinations required by § 2518(3). We note too that a considerable amount of informa-

**3.** The Government's appeal challenges Picone's standing to assert illegality relating to failure to name Goodfellow as a basis for suppression in his own behalf, but in view of our disposition we do not reach this question.

**4.** The note cited reads as follows, 429 U.S. 436 n. 23, 97 S.Ct. 672:

> 23 There is no suggestion in this case that the Government agents knowingly failed to identify respondents Donovan, Robbins, and Buzzaco for the purpose of keeping relevant information from the District Court that might have prompted the court to conclude that probable cause was lacking. If such a showing had been made, we would have a different case. Nor is there any suggestion that as a result of the failure to name these three respondents they were denied the mandatory inventory notice supplied to persons named in the application. 18 U.S.C. § 2518(8)(d). Respondents Donovan, Robbins, and Buzzaco were among the 37 persons served with the initial inventory.

tion as to Simone's involvement was revealed in the affidavit, even though he was not specifically named in the application. (R. IV, 180–81, 187, 191). See *United States v. Johnson*, 176 U.S.App.D.C. 179, 539 F.2d 181, 191, cert. denied, 429 U.S. 1061, 97 S.Ct. 784, 50 L.Ed.2d 776. Further, the supplemental F.B.I. affidavit of April 21, 1975,[5] is persuasive that all the additional information on Simone not included in the October, 1973, affidavit would not have drawn attention to any facts to cause Judge Collinson to deny the October, 1973, intercept order.

In sum, we feel that under the *Donovan* standards grounds for suppression as to Simone are not shown, that he was not prejudiced by the procedures followed,[6] and that the granting of suppression in his favor should be set aside.

## II

■ Further, we are not persuaded that the defendants' allegations and showing could justify suppression for any knowing and purposeful withholding of information within the purview of the observations in *Donovan* on this point. See note 4, *supra*. The claim made in this regard concerns the Government's admission on April 8, 1975, that it had had probable cause to name Goodfellow when the October, 1973, order was obtained. (See R. I, 61–63).

The Government represented at the April 8, 1975, hearing when it made the concession of having probable cause to name Goodfellow that use of his name would have revealed the identify of confidential informants. (Id. at 62–63). Additionally, we note that after the concession was made there were other hearings[7] on the motions to suppress. There the defendants cross-examined Agent Schucker at length about his affidavit and the F.B.I. investigation. Nevertheless, no showing was made of facts demonstrating any intentional withholding of information from the court for any improper purpose.

While in some instances the burden may shift to the Government in a suppression hearing, generally the burden of producing proof and of persuasion rests on the movant and conclusory allegations do not suffice. *United States v. De La Fuente*, 548 F.2d 528, 533–34 (5th Cir.); *Wilson v. United States*, 218 F.2d 754, 757 (10th Cir.). We feel there is no basis for suppression in light of the *Donovan* opinion and the circumstances developed in the record. Accordingly, the suppression order is reversed and the case is remanded for further proceedings.

---

**5.** This affidavit was submitted by Agent Schucker, at the request of Judge Collinson. (See R. II, 102–104). The affidavit purports to show "the only information known to affiant as of October 5, 1973, concerning Anthony Simone's involvement in gambling activities in addition to the information noted regarding Anthony Simone contained in my affidavit of October 5, 1973."

**6.** Our search of the record shows no prejudice to Simone resulting from the omission of his name from the intercept order of October 5, 1973, and Simone points to no such prejudice. See *Donovan*, supra, 429 U.S. at n. 23, 97 S.Ct. 658. Pursuant to § 2518(8)(d), Simone received discretionary inventory notice of the intercep-

tions within the extended period permitted by Judge Collinson. (R. IV, 315–316). Thus, Simone was given the same benefit of inventory notice as were persons who were named in the application and order.

**7.** After the Government concession about Goodfellow, the parties had a conference with the court and agreed on several subjects to be covered at the evidentiary hearing held on June 5 and 6. The defendants had ample opportunity to direct the hearing to any matters that might show unlawfulness of the intercept orders and the procedures followed by the Government in the interceptions. (R. IV, 575–76).